### UNITED STATES DISTRICT COURT
### MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

**CARLOS SALADO-JIMENEZ and
CARLOS ACEVEDO,**

     **Plaintiffs,**

**v.**                                                   **CASE NO.:**

**LIGHTNING TRANSPORT AND
LOGISTICS, LLC., and CARLOS
PEIRATS, an individual,**

     **Defendants.**

_____/

### COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiffs, CARLOS SALADO-JIMENEZ and CARLOS ACEVEDO, by and through undersigned counsel, brings this action against Defendants, LIGHTNING TRANSPORT AND LOGISTICS, LLC. ("Company Defendant") and CARLOS PEIRATS ("Defendant Peirats"), (collectively as "Defendants"), and in support states as follows:

### JURISDICTION AND VENUE

1.      This is an action for damages in excess of $15,000, exclusive of interest, fees, and costs, for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 etseq.

2.      This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 201 etseq.

3.      Venue is proper in the Middle District of Florida, because all of the events giving rise to these claims occurred in Hillsborough County, Florida, which lies within the Middle District.

## PARTIES

4.      Plaintiff Salado-Jimenez is a resident of Hillsborough County, Florida.

5.      Plaintiff Acevedo is a resident of Hillsborough County, Florida.

6.      Company Defendant operates a transportation and logistics company in Tampa, in Hillsborough County, Florida. Defendant Peirats is an owner and manager of Company Defendant.

7.      Defendant Peirats is an individual owner and president of Company Defendant and exercises significant day-to-day control over Company Defendant including, with respect to personnel decisions, management of employee compensation, and daily business operations.

## GENERAL ALLEGATIONS

8.      Plaintiffs have satisfied all conditions precedent, or they have been waived.

9.      Plaintiffs have hired the undersigned attorneys and agreed to pay them a fee.

10.     Plaintiffs request a jury trial for all issues so triable.

11.     At all times material hereto, Plaintiffs were "engaged in commerce" within the meaning of sections 6 and 7 of the FLSA, and as such was subject to the individual coverage of the FLSA.

12.     At all times material hereto, Plaintiffs were an "employee" of Defendants within the meaning of the FLSA.

13.     At all times material hereto, Defendants were an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

14.     Defendants continue to be an "employer" within the meaning of the FLSA.

2

15.    At all times material hereto, Defendants were and continue to be an enterprise "engaged in commerce" within the meaning of the FLSA, 29 U.S.C.§§ 203(r) and 203(s).

16.    At all times relevant to this action, the annual gross sales volume of Defendants exceeded $500,000 per year.

17.    Thus, Plaintiffs are a "non-exempt employee" who is covered by the FLSA.

18.    At all times material hereto, the work performed by Plaintiffs were directly essential to the business performed by Defendants.

19.    At all times relevant to this action, Plaintiffs were hired as truck drivers hauling cargo in interstate commerce.

## FACTS

20.    Plaintiff Salado-Jimenez began working for Defendants as a truck driver in April 2019, and he worked in this capacity until May 2019.

21.    At all times material hereto, Plaintiff Salado-Jimenez worked hours at the direction of Defendants, and he was not paid the applicable minimum wage for all of the hours that he worked.

22.    Defendants failed to pay Plaintiff Salado-Jimenez his statutory minimum wage for all of his hours, in violation of the FLSA.

23.    Plaintiff Acevedo began working for Defendants as a truck driver in April 2019, and he worked in this capacity until May  2019.

24.    At all times material hereto, Plaintiff Acevedo worked hours at the direction of Defendants, and he was not paid the applicable minimum wage for all of the hours that he worked.

25.     Defendants failed to pay Plaintiff Acevedo his statutory minimum wage for all of his hours, in violation of the FLSA.

26.     Defendants' actions were willful, and showed reckless disregard for the provisions of the FLSA.

## COUNT I – FLSA MINIMUM WAGE VIOLATION

27.     Plaintiffs reallege and readopt the allegations of paragraphs 1 through 26 of this Complaint, as though fully set forth herein.

28.     During the statutory period, Plaintiffs worked for Defendants, and they were not paid a minimum wage for the hours that they worked, as mandated by the FLSA.

29.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

30.     As a result of the foregoing, Plaintiffs have suffered damages.

*WHEREFORE*, Plaintiffs demand:

a)      Judgment against Defendants for an amount equal to Plaintiffs' unpaid back wages at the applicable statutory minimum wage;

b)      Judgment against Defendants,stating that Defendants' violations of the FLSA were willful;

c)      An amount equal to Plaintiffs' minimum wage damages as liquidated damages;

d)      To the extent liquidated damages are not awarded, an award of prejudgment  interest;

e)      A declaration that Defendants' practices as to Plaintiffs were unlawful, and a grant of equitable relief to Plaintiffs;

f)      All costs and attorney's fees incurred in prosecuting these claims; and

g)      For such further relief as this Court deems just and equitable.

## JURY TRIAL DEMAND

Plaintiffs demand a trial by jury as to all issues so triable.

Dated this 22 nd day of July, 2019.

Respectfully submitted,

*/s/Brandon J. Hill*
**BRANDON J. HILL**
Florida Bar Number: 37061
**WENZEL FENTON CABASSA, P.A.**
1110 North Florida Ave., Suite 300
Tampa, Florida 33602
Direct: 813-337-7992
Main: 813-224-0431
Facsimile: 813-229-8712
Email: bhill@wfclaw.com
Email: jcornell@wfclaw.com
**Attorney for Plaintiffs**

5